**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MARVIN BENITEZ REDONDO,** **Petitioner,** | **CIVIL ACTION** |
| **v.** | |
| **JL JAMISON, JOHN E. RIFE, MARKWAYNE MULLIN, TODD BLANCHE, U.S. DEPARTMENT OF HOMELAND SECURITY, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,** **Respondents.** | **NO.  26-5397** |

## O R D E R

**AND NOW**, this 5th day of August, 2026, upon consideration of the Petition for Writ of

Habeas Corpus (ECF No. 1 (the "Petition")) and Respondents' opposition thereto (ECF No. 3), it

is hereby **ORDERED** as follows:

1.        The Petition is **GRANTED**.[1] The Government shall **RELEASE** Petitioner from

custody immediately and file an entry on the docket certifying compliance with this Order **no later**

**than 5:00 p.m. on August 6, 2026.**

---

[1]        A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United States . . . ." The burden is on the petitioner to show that his confinement is unlawful. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972). The Court may decide the issues raised in the Petition without a hearing, as courts have done in similar cases. *See Rodriguez Pereira v. O'Neill*, No. 25-cv-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025); *Gramajo De Leon v. Jamison*, No. 25-cv-7199, 2025 WL 3724604 (E.D. Pa. Dec. 23, 2025).

Petitioner, a native of Honduras, entered the United States at the southern border in or around May 2020. (ECF No. 1 ¶¶ 1, 18.) After entering the United States, Petitioner went to live in Upper Darby, Pennsylvania, where he now resides with his wife and their three-year-old son, who is a United States citizen. (*Id.* ¶¶ 1, 19.) Petitioner does not appear to have any criminal record. (ECF No. 1 ¶ 56; ECF No. 3 at 2.) On or about July 28, 2026, officials with the Department of Homeland Security ("DHS") detained Petitioner outside of his home while he was leaving for work. (ECF No. 1 ¶¶ 2, 21.) Petitioner is currently detained at the Philadelphia Federal Detention Center. (*Id.* ¶¶ 2, 22.)

2.      Immediately upon Petitioner's release, Respondents shall return to Petitioner all personal property, including identification and other documents, confiscated upon or during his detention.

3.      Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Instead, Petitioner is subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).

4.      The Government is temporarily enjoined from re-detaining Petitioner until **August 13, 2026**.

5.      If the Government decides to pursue re-detention of Petitioner after August 13, 2026, it must first provide him with a bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a).

6.      The Government may not remove, transfer, or otherwise facilitate the removal of Petitioner from the Commonwealth of Pennsylvania before the ordered bond hearing. If the Immigration Judge determines at the bond hearing that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from this Court to move Petitioner if unforeseen or emergency circumstances so require.

7.      The Clerk of Court shall **MARK** this case as **CLOSED**.

---

Respondents acknowledge that the Petition "raises the same issue of the lawfulness of mandatory detention under 8 U.S.C. § 1225(b)(2)(A) that this Court has previously addressed in hundreds of prior cases." (ECF No. 3 at 1.) Indeed, the interpretation of § 1225, advanced by Respondents would permit the government to treat an immigrant as "seeking admission" who was not inspected upon arrival in the country even if they arrived in the country years ago. Such treatment results in detention without any hearing. For the reasons this Court has articulated on numerous occasions, the Court again rejects Respondents' position, grants the Petition, and orders Petitioner's immediate release. *See, e.g.*, *A.J.V.L. v. Jamison*, No. 26-cv-4669, 2026 WL 1998866 (E.D. Pa. July 9, 2026); *Barrientos-Vanegas v. Jamison*, No. 26-cv-4146, 2026 WL 1816213 (E.D. Pa. June 23, 2026).

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**